## Bridgeport & New Cumberland Turnpike Road. Philadelphia, Harrisburg & Pittsburg Railroad Company's Appeal.

*Road law—Vacation of road—Decree of court—Act of June 13, 1836.*

Whenever the whole or any part of a road has been vacated by the court
of quarter sessions and a new road laid out in lieu thereof, the road so
vacated shall not be shut up until the new road shall have been actually
opened. Where an order of the court vacating a road is made upon the
supposition that a new road has been opened as a substitute for the old
road, and it subsequently appears that the new road has not been actually
opened to the public, the order vacating the old road is void, and will be
set aside by the court.

Argued April 30, 1895. Appeal, No. 142, July T., 1894, by
Philadelphia, Harrisburg & Pittsburg R. R. Co., from order of
Q. S. Cumberland Co., Road Docket No. 5, p. 180, setting
aside an order vacating a road. Before WILLIAMS, McCOL-
LUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to set aside order vacating a road. Before W. F.
SADLER, P. J.

The petition was as follows :

" Petition of the undersigned property owners and tax payers or residents of Lower Allen township, of said county, respectfully represents :

" That a scheme of roads was devised for the accommodation of the citizens of said township, and other adjacent places, which would enable people to go to and from Harrisburg without crossing any railroad at grade ; the said scheme embraced the vacation and laying out of another road in lieu thereof of a road leading through the Simpson Ferry road near the Sheely farm buildings, in said township, to the state road which crossed the line of the Philadelphia, Harrisburg & Pittsburg Railroad and the line of the Cumberland Valley Railroad each at grade, and to lay out another road in lieu thereof, leading from a point on said road south of the line of the Philadelphia, Harrisburg & Pittsburg Railroad to the turnpike, running from Bridgeport to New Cumberland, at or near McCormick's quarries; also the vacation of the turnpike running from Bridgeport to New Cumberland, which crossed at grade the track of the Northern Central Railway Company, and the laying out of a new road running from New Cumberland to Riverton, and another from Riverton to the Harrisburg, Carlisle & Chambersburg Turnpike. The road from New Cumberland to Riverton was to cross the line of the Philadelphia, Harrisburg & Pittsburg Railroad by an overhead crossing, and the road from Riverton to the Harrisburg, Carlisle & Chambersburg Turnpike was to cross the tracks of the Cumberland Valley Railroad and the Northern Central Railway Company by an overhead crossing.

" In pursuance of this plan the Cumberland Valley Railroad Company and the Northern Central Railway Company agreed, at their expense, to construct an overhead crossing on the line of the road from Riverton to the Harrisburg, Carlisle & Chambersburg Turnpike road, and they have so constructed such overhead crossing, and it is open to travel, but no overhead crossing has, as yet, been constructed over the line of the Philadelphia, Harrisburg & Pittsburg Railroad, on the road leading from New Cumberland to Riverton.

" On the 21st of February, 1893, your honorable court finally confirmed the report of viewers, vacating the turnpike running from Bridgeport to New Cumberland, and its order was made upon the information that the Cumberland Valley Railroad

Company and the Northern Central Railway Company had constructed and thrown open to travel the overhead crossing on the line of the road from Riverton to the Harrisburg, Carlisle & Chambersburg Turnpike. Each of the reports upon other roads were also confirmed. All of these changes in the roads in said township were made under the belief and impression that the Philadelphia, Harrisburg & Pittsburg Railroad would construct the overhead crossing on the road from New Cumberland to Riverton. This overhead crossing still remains unconstructed, and if it had not been for the impression and belief that the Philadelphia, Harrisburg & Pittsburg Company would construct such overhead crossing on the line of said road, the various road proceedings, as aforesaid, would not have been undertaken or carried through.

"Within a recent period, the Philadelphia, Harrisburg & Pittsburg Railroad Company have caused an underway passage on the line of its road, where it crosses the turnpike leading from Bridgeport to New Cumberland, to be filled up by depositing a large amount of material, making an embankment up to the level of the roadway and enclosing the line of its road, across said turnpike, in fences. By reason of which the people of that section of the county have no means of reaching Harrisburg without going a mile or two out of their way and crossing the tracks of the Cumberland Valley Railroad Company at grade at White Hill station, and then passing down and over the Harrisburg, Carlisle & Chambersburg Turnpike to the Harrisburg bridge.

"Your petitioners representing that the confirmation by your honorable court of the report of viewers vacating the turnpike road from Bridgeport to New Cumberland was made under a misrepresentation with regard to the construction of the overhead crossing on the line of the road from New Cumberland to Riverton at the point where it crosses the tracks of the Philadelphia, Harrisburg & Pittsburg Railroad, and that if such crossing had not been believed to be about to be constructed, that the confirmation of said report of viewers would not have been made by your honorable court, but would have been held under advisement until such overhead crossing was constructed, therefore pray your honor to open and set aside the final decree confirming the report of viewers vacating the turnpike road

leading from Riverton to New Cumberland, except so far as the same will not interfere with the contract or understanding under which the Cumberland Valley and the Northern Central Railway built the overhead crossing on the line of the road from Riverton to the Harrisburg, Carlisle & Chambersburg Turnpike, and for such other and further order as will relieve the citizens of that section of the county from the inconveniences they now labor under, and they will ever pray, etc."

The court made the following order:

And now, to wit, June 12, 1894, the order confirming the report of viewers vacating the turnpike leading from Bridgeport to New Cumberland, made February 21, 1893, is hereby opened and set aside, except as to that portion of the said turnpike where it crosses the tracks of the Northern Central Railway at grade, and we do this because the said order confirming the said report was made under a misapprehension on part of the court of the facts, and deprived the citizens of that part of the county of the use of roads which they could not do without. It is ordered that the supervisors of Lower Allen township reopen the said turnpike for travel, except where the same crosses the tracks of the Northern Central Railway Company at grade.

*Error assigned* was above order, quoting it.

*J. W. Wetzel,* for appellant.

*John Hays,* for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

If the order of February 21, 1893, can be considered as embracing a direction to the supervisors to close the New Cumberland & Bridgeport Turnpike Road against the public before the construction and actual opening for public use of the road laid out to supply its place, it is to that extent a nullity. Neither the Philadelphia, Harrisburg & Pittsburg Railroad Company nor its lessee acquired by this order any right to obstruct the old turnpike road or standing to contest the order of June 12, 1894, recognizing and preserving the rights of the public in it until the completion of the road designed as a substitute for it

Sec. 24.of the act of June 13, 1836, provides that " whenever the whole or any part of a road shall be changed or supplied the same shall not be shut up or stopped until the road laid out to supply the place thereof shall be actually opened and made." An order in plain violation of the statute under which proceedings for the vacation of highways are instituted and conducted is void, and a subsequent order setting it aside furnishes no just ground for litigation or complaint.    In this case the record shows that the order of February 21, 1893, was made under a misapprehension by the court of the facts respecting the construction and opening of the road laid out from New Cumberland to Riverton.    The power of the court to vacate an order so made is conceded.    It is alleged that the road laid from New Cumberland to Riverton was designed to take the place of the turnpike road and that the former has not been " actually opened and made."    There is no denial of this allegation.    The railroad company in its answer to the petition on which the rule to show cause was granted simply denied that it had obstructed any portion of the turnpike road and asked that the petition be dismissed.    There is no claim that the company acquired any right by the order of February 21, or lost any by the order of June 12.    We have then a case in which a corporation unaffected by either order asks us to reverse the last one on the ground of alleged irregularities in making it.    Regarding as we do the order of June 12 as designed to prevent the closing of so much of the turnpike road as is required for public use until the completion and opening of the road laid to take its place, we cannot do so.    We cannot say that the order is vitiated by the exception in it of that portion of the turnpike which crosses the tracks of the Northern Central Railway at grade and is already supplied by the bridge and its approaches constructed by said company in pursuance of an arrangement between it and the township authorities.    Specification overruled and

Order affirmed.